IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

| | | |
|---|---|---|
| ANGELA GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 25-1897 |
| | ) | |
| SHAQUNNA LACHALE GREER, *et al.*, | ) | Judge: |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Bradley Company, LLC d/b/a Bradley Corporation ("Bradley"), through its undersigned counsel and pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1446, and 29 U.S.C. § 1001 *et seq.*, hereby removes the state court action entitled *Angela Greer v. Shaqunna Lachale Greer, et al.*, Case No. 2025CV008831, filed in the Circuit Court of Milwaukee County, Wisconsin (the "State Court Action"), to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

As required by 28 U.S.C. § 1446(a), Bradley sets forth below a short and plain statement of the grounds for removal – because a federal question exists:

I. **BACKGROUND**

1. This action involves a dispute over the proceeds of Decedent Shawn Greer's retirement account, which was held by Defendant Bradley. *See* **Ex. A**, Compl.

2. In essence, Plaintiff Angela Greer is the ex-wife of Decedent and the mother of the other Defendants, Shaqunna Lachale Greer, Shawndell Greer, and Shawn Greer, Jr. (the "Children Defendants"). *Id.* Plaintiff's Complaint (the "Complaint") alleges that prior to Decedent's passing, she obtained a default judgement of divorce, which included an order to issue a Qualified Domestic Relations Order ("QDRO") dividing Decedent's retirement account – wherein she stood

to receive 65% of Decedent's retirement account. *Id.* However, Decedent had moved to reopen the divorce judgment and while the issue of property division and spousal maintenance were awaiting a ruling, Decedent passed away. *Id.*

3. Plaintiff alleges Bradley improperly refused to abide by the divorce decree and pay her the partial proceeds of Decedent's retirement account, even though a QDRO was never issued. *Id.*

4. Plaintiff asserts two counts. Count I seeks a declaratory judgment that she is entitled to 65% of Decedent's retirement account.

5. Count II is a claim for a "money judgment" against Bradley for breach of fiduciary duty. *Id.* The basis for the claim is that pursuant "to law, *including but not limited to ERISA*, defendant Bradley Corporation has a fiduciary duty to the plaintiff." *Id* at ¶ 27 (emphasis added).

6. Plaintiff served Bradley with the Summons and Complaint on November 3, 2025. Therefore, Bradley has timely removed this action, pursuant to 28 U.S.C. § 1446(b)(1) and *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

7. As required under 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders filed in state court are attached hereto as **Exhibit A**.

8. Bradley will promptly provide written notice of the removal of the State Court Action to Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin. *See* 28 U.S.C. § 1446(d).

9. As of December 1, 2025, the docket in the State Court Action does not reflect that any other Defendant has been served or has otherwise made an appearance in this case.

2

7146898.1
Case 2:25-cv-01897-JPS  Filed 12/02/25  Page 2 of 5  Document 1

## II. A FEDERAL QUESTION EXISTS

10. The district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To be sure, as the removing party, Bradley bears the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). Here, removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

11. Plaintiff's claims directly implicate multiple provisions of ERISA – the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* – most notably by virtue of the interplay between Bradley's responsibilities under ERISA when faced with a divorce decree of uncertain validity. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009).

12. Federal Courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty. 29 U.S.C. § 1132(e).

13. ERISA completely preempts all of the claims asserted against Bradley. *See, e.g.*, 29 U.S.C. § 1144.

14. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

## III. VENUE AND NON-WAIVER OF DEFENSES

15. Removal to this District and Division is proper because the Circuit Court of Milwaukee County, Wisconsin is located within the Milwaukee Division of the Eastern District of Wisconsin's federal court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

16. Bradley reserves the right to amend or supplement this Notice of Removal. Should any question arise as to the propriety of the removal of this action, Bradley requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

17. Bradley submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

Dated: December 2, 2025

Respectfully Submitted,

**TUCKER ELLIS LLP**

By: */s/ Seth H. Wamelink*

Seth H. Wamelink (OH #0082970)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
T: 216-696-4112
F: 216-592-5009
seth.wamelink@tuckerellis.com

*Attorney for Defendant Bradley Company, LLC*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby states that on December 2, 2025, they filed the foregoing document with the Clerk of the United States District Court, Eastern District of Wisconsin, Milwaukee Division, using the CM/ECF Filing System, which will send an e-mail notification of such filing to the registered CM/ECF participants. The foregoing document will also be served via electronic mail upon the following attorneys of record:

Derek T. Daron
Hildebrand Law Firm LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
T: (414) 409-7122
F: (414) 409-7123
hlawfirm@hildebrandlawfirm.net

*Attorneys for Plaintiff*

*/s/ Seth H. Wamelink*
Attorney for Bradley Company, LLC