FILED
10-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV008831
Honorable Reyna Morales-42
Branch 42

STATE OF WISCONSIN	CIRCUIT COURT	MILWAUKEE COUNTY

**Angela Greer**
1128 W. Capitol Drive
Milwaukee, WI 53209

       Plaintiff,

Case No.
Case Code: 30701

-v-

**Shaqunna Lachale Greer**
4123 West Roosevelt Drive, Upper
Milwaukee, WI 53216

**Shawndell Greer**
4054 N. 15th Street
Milwaukee, WI 53209

**Shawn Greer Jr.**
2602 N. 54th Street
Milwaukee, WI 53210

**Bradley Company LLC**
**d/b/a Bradley Corporation**
A Wisconsin Limited Liability Company
W142 N9101 Fountain Blvd.
Menomonee Falls, WI 53051

**DEF Insurance**
A fictious insurance entity

       Defendants.

## SUMMONS

THE STATE OF WISCONSIN, to the above-named Defendants:

You are hereby notified that the Plaintiff, Angela Greer (the "Plaintiff"), by and through his attorneys, Hildebrand Law Firm, LLC, has filed a lawsuit or other legal action against you. The Plaintiff's Complaint, which is attached, states the nature and basis of the legal action.

1

Within forty-five (45) days of receiving this Summons, you must respond to the attached Complaint with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an answer that does not follow the requirements of the Wisconsin Statutes. The answer must be sent or delivered to the Court, whose address is 901 N. 9th Street, Milwaukee, WI, 53233 and to the Plaintiff's counsel, Attorney Derek T. Daron of Hildebrand Law Firm, LLC, whose address is 500 W. Silver Spring Drive, Suite K-300, Glendale, WI 53217. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant a judgment against you for the award of money or other legal action requested in the attached Complaint, and you may lose your right to object to anything that you believe is incorrect or may be incorrect in the attached Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 10th day of October, 2025.

      **HILDEBRAND LAW FIRM**
      Attorneys for Plaintiff

          /s/ Derek T. Daron
By:_____
      Derek T. Daron, Esq.
      State Bar No. 1089058

Drafted by:
Hildebrand Law Firm LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
Telephone 414-409-7122
Fax: 414-409-7123
Email: hlawfirm@hildebrandlawfirm.net

FILED
10-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV008831
Honorable Reyna Morales-42
Branch 42

STATE OF WISCONSIN　　　CIRCUIT COURT　　　MILWAUKEE COUNTY

**Angela Greer**
1128 W. Capitol Drive
Milwaukee, WI 53209

   Plaintiff,　　　　　　　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Case Code: 30701

-v-

**Shaqunna Lachale Greer**
4123 West Roosevelt Drive, Upper
Milwaukee, WI 53216

**Shawndell Greer**
4054 N. 15th Street
Milwaukee, WI 53209

**Shawn Greer Jr.**
2602 N. 54th Street
Milwaukee, WI 53210

**Bradley Company LLC**
**d/b/a Bradley Corporation**
A Wisconsin Limited Liability Company
W142 N9101 Fountain Blvd.
Menomonee Falls, WI 53051

**DEF Insurance**
A fictious insurance entity

   Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

  **NOW COMES** the Plaintiff, Angela Greer, by and through her attorneys, Hildebrand Law Firm, LLC, for Declaratory Judgment against Defendants, Shaqunna Lachale Greer, Shawndell Greer, Shawn Greer Jr., Bradley Company, LLC, and DEF Insurance and alleges and states as follows:

## INTRODUCTION

1. This is an action related to the estate of Shawn Greer (DOD: 4/17/2025)(sometimes referred to herein as the "Decedent"), who resided at 1128 West Capitol Drive, Milwaukee, in Milwaukee County, Wisconsin, and is an action brought for a declaratory judgment pursuant to Wis. Stat. § 806.04 amongst other relief requested herein.
2. An actual controversy exists among the parties regarding their respective rights, obligations, and legal authority in connection with the retirement account owned in the Decedent's name and which was subject to division in divorce.

## PARTIES

3. The Plaintiff, Angela Greer, is an individual and resides at 1128 West Capitol Drive, Milwaukee, in Milwaukee County, Wisconsin
4. The Defendant, Shaqunna Lachale Greer, is a child of the Decedent and Plaintiff and is an individual with residence located in Milwaukee County at 4123 West Roosevelt Drive, Upper, Milwaukee, WI 53216.
5. The Defendant, Shawndell Greer, is a child of the Decedent and Plaintiff and is an individual with residence located at 4054 N. 15th St., Milwaukee, WI 53209.
6. The Defendant, Shawn Greer Jr., is a child of the Decedent and Plaintiff and is an individual with residence located at 2602 N. 54th Street, Milwaukee, WI 53210.
7. Bradley Company, LLC d/b/a Bradley Corporation is a Wisconsin limited liability company registered in the state of Wisconsin with registered agent address W142 N9101 Fountain Blvd., Menomonee Falls, WI 53051.
8. DEF Insurance is an unknown entity who may be a necessary party to this action pursuant to Wis. Stat. Sec. 803.03, as a result of the entity supplying liability insurance to Bradley Corporation and/or another Defendant in this matter.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Wis. Stat. Sec. 801.05 and Wis. Stat. Sec. 806.04 (the Uniform Declaratory Judgments Act).
10. Venue in this county is proper pursuant to Wis. Stat. Sec. 801.50(2)(a) and (2)(c) because

the Decedent and majority of Defendants reside(d) in Milwaukee County and the claims arise in Milwaukee County.

## STATEMENT OF FACTS

11. Prior to his passing, Shawn Greer was the father of Defendants Shaqunna Lachale Greer, Shawndell Greer, and Shawn Greer Jr. (together "Children Defendants") and the ex-spouse of Plaintiff Angela Greer, a default judgment of divorce having been entered on November 14, 2023 in Milwaukee County Case No. 22-FA-5687.

12. Angela Greer is also the mother of Children Defendants.

13. The judgment of divorce signed by the Court, the Honorable Frederick C. Rosa, required a division of the Decedent's retirement account at Bradley Corporation ("Account").

14. More specifically, the Account was ordered to be divided by Qualified Domestic Relations Order (QDRO) wherein the Plaintiff would receive 65% of the Account in her name.

15. Upon information and belief, the approximate value of the Account was $350,000.00 as of the date of divorce.

16. A few days after the divorce judgment was issued, the Decedent moved to reopen the divorce judgment.

17. The divorce Court took the motion under advisement and set issues of property division and maintenance (a/k/a spousal support) for trial.

18. The court trial occurred on March 5, 2025 with the matter being set over for a final ruling.

19. Prior to the issuance of an order on the Decedent's motion to reopen the divorce judgment, the Decedent passed away.

20. By operation of law, the divorce court loses jurisdiction to divide property upon the death of any party; therefore, the original divorce decree remains effective; the divorce court has signed an order confirming this ruling.

21. The Plaintiff, on numerous occasions, provided a copy of the divorce decree to Bradley Company, LLC, the holder of the account in question, to advise them that the Court had ordered the account be split.

22. The Plaintiff provided said order to Bradley Corporation for the explicit purpose of ensuring that Bradley Corporation did not pay out the account based upon any beneficiary designations while the Plaintiff sought legal authority to obtain a QDRO.

23. Nonetheless, Bradley Corporation and/or its subsidiaries or parent company paid out the account without regard for the Court's orders.
24. The Plaintiff is entitled to 65% of the value of the accounts paid out to the Defendants.

## COUNT I – DECLARATORY JUDGMENT

Plaintiff restates and realleges paras. 1-24 as though fully contained herein.

25. The divorce decree explicitly holds that the Plaintiff is entitled to have 65% of the Account paid to her via QDRO.
26. Declaratory judgment in favor of the Plaintiff is appropriate for the declaration of rights, status or other legal relations pursuant to Wis. Stat. Sec. 806.04.

## COUNT II – MONEY JUDGMENT FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT BRADLEY CORPORATION

Plaintiff restates and realleges paras 1-26 as though fully contained herein.

27. Pursuant to law, including but not limited to ERISA, defendant Bradley Corporation has a fiduciary duty to the plaintiff as an alternative payee, and as ex-spouse of the Decedent whom had a marital property interest in the Decedent's retirement account.
28. The Defendant Bradley Corporation, negligently or intentionally violated the Plaintiff's rights to the detriment of Plaintiff by refusing to abide by the divorce court's order, despite the same being provided to them on multiple occasions.
29. Defendant Bradley Corporation is liable to Plaintiff for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. That the Court determine and declare that the Plaintiff is entitled to 65% of the Account and/or make appropriate orders thereto, including but not limited to a money judgment against Defendants sufficient to make the Plaintiff whole; and
B. Payment of attorney fees and costs in bringing this action, under any applicable law; and

    C.  Any other relief the Court deems just under the circumstances.

Dated this   10th   Day of October, 2025.

                                                Hildebrand Law Firm, LLC
                                                Attorneys for Plaintiff

                                                /s/ Derek T. Daron
                                                _____
                                                Derek T. Daron, Esq.
                                                SBN: 1027009

This document drafted by:
Hildebrand Law Firm, LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI  53217
Hlawfirm@hildebrandlawfirm.net
T. 414-409-7122
F. 414-409-7123