FILED
12-02-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV008831

IN THE CIRCUIT COURT OF MILWAUKEE COUNTY
STATE OF WISCONSIN

| | |
|---|---|
| ANGELA GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 2025CV008831 |
| | ) |
| SHAQUNNA LACHALE GREER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL TO FEDERAL COURT
## PURSUANT TO 28 U.S.C. § 1331, 28 U.S.C. § 1446, AND 29 U.S.C. § 1001 *et seq.*

TO:  Office of the Clerk of the Circuit Court of Milwaukee County, Wisconsin
901 North 9th Street, Room 104
Milwaukee, Wisconsin 53233

PLEASE TAKE NOTICE that on December 2, 2025, Defendant Bradley Company, LLC d/b/a Bradley Corporation filed a Notice of Removal with respect to the above-captioned case in the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, a true and correct copy of which is attached hereto as **Exhibit A**, pursuant to the provisions of 28 U.S.C. § 1446(d).

Dated: December 2, 2025          Respectfully Submitted,

**TUCKER ELLIS LLP**

By: */s/ Riley J. Shaw*

Riley J. Shaw (WI #1140204)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
T: 216-696-4112
F: 216-592-5009
riley.shaw@tuckerellis.com

*Attorneys for Defendant Bradley Company, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby states that on December 2, 2025, they filed the foregoing document through eFile, which will send an e-mail notification of such filing to the registered attorneys of record. The foregoing document will also be served via electronic mail upon the following attorneys of record:

Derek T. Daron
Hildebrand Law Firm LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
T: (414) 409-7122
F: (414) 409-7123
hlawfirm@hildebrandlawfirm.net

*Attorneys for Plaintiff*

*/s/ Riley J. Shaw*
Attorney for Bradley Company, LLC

# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

| | |
|---|---|
| ANGELA GREER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 25-1897 |
| | ) |
| SHAQUNNA LACHALE GREER, *et al.*, | ) Judge: |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Bradley Company, LLC d/b/a Bradley Corporation ("Bradley"), through its undersigned counsel and pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1446, and 29 U.S.C. § 1001 *et seq.*, hereby removes the state court action entitled *Angela Greer v. Shaqunna Lachale Greer, et al.*, Case No. 2025CV008831, filed in the Circuit Court of Milwaukee County, Wisconsin (the "State Court Action"), to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

As required by 28 U.S.C. § 1446(a), Bradley sets forth below a short and plain statement of the grounds for removal – because a federal question exists:

**I.　BACKGROUND**

1.　This action involves a dispute over the proceeds of Decedent Shawn Greer's retirement account, which was held by Defendant Bradley. See **Ex. A**, Compl.

2.　In essence, Plaintiff Angela Greer is the ex-wife of Decedent and the mother of the other Defendants, Shaqunna Lachale Greer, Shawndell Greer, and Shawn Greer, Jr. (the "Children Defendants"). *Id.* Plaintiff's Complaint (the "Complaint") alleges that prior to Decedent's passing, she obtained a default judgement of divorce, which included an order to issue a Qualified Domestic Relations Order ("QDRO") dividing Decedent's retirement account – wherein she stood

7146898.1

to receive 65% of Decedent's retirement account. *Id.* However, Decedent had moved to reopen the divorce judgment and while the issue of property division and spousal maintenance were awaiting a ruling, Decedent passed away. *Id.*

3. Plaintiff alleges Bradley improperly refused to abide by the divorce decree and pay her the partial proceeds of Decedent's retirement account, even though a QDRO was never issued. *Id.*

4. Plaintiff asserts two counts. Count I seeks a declaratory judgment that she is entitled to 65% of Decedent's retirement account.

5. Count II is a claim for a "money judgment" against Bradley for breach of fiduciary duty. *Id.* The basis for the claim is that pursuant "to law, *including but not limited to ERISA*, defendant Bradley Corporation has a fiduciary duty to the plaintiff." *Id* at ¶ 27 (emphasis added).

6. Plaintiff served Bradley with the Summons and Complaint on November 3, 2025. Therefore, Bradley has timely removed this action, pursuant to 28 U.S.C. § 1446(b)(1) and *Murphy Bros. Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

7. As required under 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders filed in state court are attached hereto as **Exhibit A**.

8. Bradley will promptly provide written notice of the removal of the State Court Action to Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Milwaukee County, Wisconsin. *See* 28 U.S.C. § 1446(d).

9. As of December 1, 2025, the docket in the State Court Action does not reflect that any other Defendant has been served or has otherwise made an appearance in this case.

2

## II. A FEDERAL QUESTION EXISTS

10. The district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To be sure, as the removing party, Bradley bears the burden of establishing federal jurisdiction. *See Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). Here, removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

11. Plaintiff's claims directly implicate multiple provisions of ERISA – the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* – most notably by virtue of the interplay between Bradley's responsibilities under ERISA when faced with a divorce decree of uncertain validity. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009).

12. Federal Courts have exclusive jurisdiction over ERISA claims for breach of fiduciary duty. 29 U.S.C. § 1132(e).

13. ERISA completely preempts all of the claims asserted against Bradley. *See, e.g.*, 29 U.S.C. § 1144.

14. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

## III. VENUE AND NON-WAIVER OF DEFENSES

15. Removal to this District and Division is proper because the Circuit Court of Milwaukee County, Wisconsin is located within the Milwaukee Division of the Eastern District of Wisconsin's federal court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

16. Bradley reserves the right to amend or supplement this Notice of Removal. Should any question arise as to the propriety of the removal of this action, Bradley requests the opportunity to brief any disputed issues and to present oral argument in support of its position.

17. Bradley submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

Dated: December 2, 2025

Respectfully Submitted,

**TUCKER ELLIS LLP**

By: /s/ Seth H. Wamelink

Seth H. Wamelink (OH #0082970)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
T: 216-696-4112
F: 216-592-5009
seth.wamelink@tuckerellis.com

*Attorney for Defendant Bradley Company, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby states that on December 2, 2025, they filed the foregoing document with the Clerk of the United States District Court, Eastern District of Wisconsin, Milwaukee Division, using the CM/ECF Filing System, which will send an e-mail notification of such filing to the registered CM/ECF participants. The foregoing document will also be served via electronic mail upon the following attorneys of record:

Derek T. Daron
Hildebrand Law Firm LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
T: (414) 409-7122
F: (414) 409-7123
hlawfirm@hildebrandlawfirm.net

*Attorneys for Plaintiff*

/s/ Seth H. Wamelink
Attorney for Bradley Company, LLC

# Exhibit A

FILED
10-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV008831
Honorable Reyna Morales-42

Branch 42

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE

**Angela Greer**
1128 W. Capitol Drive
Milwaukee, WI 53209

          Plaintiff,

Case No.
Case Code: 30701

Name: _____
Date: 10/21/2025
Time: 8:36 AM

-v-

**Shaqunna Lachale Greer**
4123 West Roosevelt Drive, Upper
Milwaukee, WI 53216

**Shawndell Greer**
4054 N. 15th Street
Milwaukee, WI 53209

**Shawn Greer Jr.**
2602 N. 54th Street
Milwaukee, WI 53210

**Bradley Company LLC**
**d/b/a Bradley Corporation**
A Wisconsin Limited Liability Company
W142 N9101 Fountain Blvd.
Menomonee Falls, WI 53051

**DEF Insurance**
A fictious insurance entity

          Defendants.

## SUMMONS

THE STATE OF WISCONSIN, to the above-named Defendants:

You are hereby notified that the Plaintiff, Angela Greer (the "Plaintiff"), by and through his attorneys, Hildebrand Law Firm, LLC, has filed a lawsuit or other legal action against you. The Plaintiff's Complaint, which is attached, states the nature and basis of the legal action.

1

Within forty-five (45) days of receiving this Summons, you must respond to the attached Complaint with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an answer that does not follow the requirements of the Wisconsin Statutes. The answer must be sent or delivered to the Court, whose address is 901 N. 9th Street, Milwaukee, WI, 53233 and to the Plaintiff's counsel, Attorney Derek T. Daron of Hildebrand Law Firm, LLC, whose address is 500 W. Silver Spring Drive, Suite K-300, Glendale, WI 53217. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant a judgment against you for the award of money or other legal action requested in the attached Complaint, and you may lose your right to object to anything that you believe is incorrect or may be incorrect in the attached Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated this 10th day of October, 2025.

　　　　　　　　　　　　　　　　　　　　**HILDEBRAND LAW FIRM**
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　　/s/ Derek T. Daron
　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Derek T. Daron, Esq.
　　　　　　　　　　　　　　　　　　　　State Bar No. 1089058

Drafted by:
Hildebrand Law Firm LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
Telephone 414-409-7122
Fax: 414-409-7123
Email: hlawfirm@hildebrandlawfirm.net

2

FILED
10-10-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV008831
Honorable Reyna Morales-42
Branch 42

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE

**Angela Greer**
1128 W. Capitol Drive
Milwaukee, WI 53209

      Plaintiff,

Case No.
Case Code: 30701

-v-

**Shaqunna Lachale Greer**
4123 West Roosevelt Drive, Upper
Milwaukee, WI 53216

**Shawndell Greer**
4054 N. 15th Street
Milwaukee, WI 53209

**Shawn Greer Jr.**
2602 N. 54th Street
Milwaukee, WI 53210

**Bradley Company LLC**
**d/b/a Bradley Corporation**
A Wisconsin Limited Liability Company
W142 N9101 Fountain Blvd.
Menomonee Falls, WI 53051

**DEF Insurance**
A fictious insurance entity

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

    **NOW COMES** the Plaintiff, Angela Greer, by and through her attorneys, Hildebrand Law Firm, LLC, for Declaratory Judgment against Defendants, Shaqunna Lachale Greer, Shawndell Greer, Shawn Greer Jr., Bradley Company, LLC, and DEF Insurance and alleges and states as follows:

3

## INTRODUCTION

1. This is an action related to the estate of Shawn Greer (DOD: 4/17/2025)(sometimes referred to herein as the "Decedent"), who resided at 1128 West Capitol Drive, Milwaukee, in Milwaukee County, Wisconsin, and is an action brought for a declaratory judgment pursuant to Wis. Stat. § 806.04 amongst other relief requested herein.

2. An actual controversy exists among the parties regarding their respective rights, obligations, and legal authority in connection with the retirement account owned in the Decedent's name and which was subject to division in divorce.

## PARTIES

3. The Plaintiff, Angela Greer, is an individual and resides at 1128 West Capitol Drive, Milwaukee, in Milwaukee County, Wisconsin

4. The Defendant, Shaqunna Lachale Greer, is a child of the Decedent and Plaintiff and is an individual with residence located in Milwaukee County at 4123 West Roosevelt Drive, Upper, Milwaukee, WI 53216.

5. The Defendant, Shawndell Greer, is a child of the Decedent and Plaintiff and is an individual with residence located at 4054 N. 15th St., Milwaukee, WI 53209.

6. The Defendant, Shawn Greer Jr., is a child of the Decedent and Plaintiff and is an individual with residence located at 2602 N. 54th Street, Milwaukee, WI 53210.

7. Bradley Company, LLC d/b/a Bradley Corporation is a Wisconsin limited liability company registered in the state of Wisconsin with registered agent address W142 N9101 Fountain Blvd., Menomonee Falls, WI 53051.

8. DEF Insurance is an unknown entity who may be a necessary party to this action pursuant to Wis. Stat. Sec. 803.03, as a result of the entity supplying liability insurance to Bradley Corporation and/or another Defendant in this matter.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to Wis. Stat. Sec. 801.05 and Wis. Stat. Sec. 806.04 (the Uniform Declaratory Judgments Act).

10. Venue in this county is proper pursuant to Wis. Stat. Sec. 801.50(2)(a) and (2)(c) because

the Decedent and majority of Defendants reside(d) in Milwaukee County and the claims arise in Milwaukee County.

## STATEMENT OF FACTS

11. Prior to his passing, Shawn Greer was the father of Defendants Shaqunna Lachale Greer, Shawndell Greer, and Shawn Greer Jr. (together "Children Defendants") and the ex-spouse of Plaintiff Angela Greer, a default judgment of divorce having been entered on November 14, 2023 in Milwaukee County Case No. 22-FA-5687.
12. Angela Greer is also the mother of Children Defendants.
13. The judgment of divorce signed by the Court, the Honorable Frederick C. Rosa, required a division of the Decedent's retirement account at Bradley Corporation ("Account").
14. More specifically, the Account was ordered to be divided by Qualified Domestic Relations Order (QDRO) wherein the Plaintiff would receive 65% of the Account in her name.
15. Upon information and belief, the approximate value of the Account was $350,000.00 as of the date of divorce.
16. A few days after the divorce judgment was issued, the Decedent moved to reopen the divorce judgment.
17. The divorce Court took the motion under advisement and set issues of property division and maintenance (a/k/a spousal support) for trial.
18. The court trial occurred on March 5, 2025 with the matter being set over for a final ruling.
19. Prior to the issuance of an order on the Decedent's motion to reopen the divorce judgment, the Decedent passed away.
20. By operation of law, the divorce court loses jurisdiction to divide property upon the death of any party; therefore, the original divorce decree remains effective; the divorce court has signed an order confirming this ruling.
21. The Plaintiff, on numerous occasions, provided a copy of the divorce decree to Bradley Company, LLC, the holder of the account in question, to advise them that the Court had ordered the account be split.
22. The Plaintiff provided said order to Bradley Corporation for the explicit purpose of ensuring that Bradley Corporation did not pay out the account based upon any beneficiary designations while the Plaintiff sought legal authority to obtain a QDRO.

23. Nonetheless, Bradley Corporation and/or its subsidiaries or parent company paid out the account without regard for the Court's orders.
24. The Plaintiff is entitled to 65% of the value of the accounts paid out to the Defendants.

## COUNT I – DECLARATORY JUDGMENT

Plaintiff restates and realleges paras. 1-24 as though fully contained herein.

25. The divorce decree explicitly holds that the Plaintiff is entitled to have 65% of the Account paid to her via QDRO.
26. Declaratory judgment in favor of the Plaintiff is appropriate for the declaration of rights, status or other legal relations pursuant to Wis. Stat. Sec. 806.04.

## COUNT II – MONEY JUDGMENT FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT BRADLEY CORPORATION

Plaintiff restates and realleges paras 1-26 as though fully contained herein.

27. Pursuant to law, including but not limited to ERISA, defendant Bradley Corporation has a fiduciary duty to the plaintiff as an alternative payee, and as ex-spouse of the Decedent whom had a marital property interest in the Decedent's retirement account.
28. The Defendant Bradley Corporation, negligently or intentionally violated the Plaintiff's rights to the detriment of Plaintiff by refusing to abide by the divorce court's order, despite the same being provided to them on multiple occasions.
29. Defendant Bradley Corporation is liable to Plaintiff for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. That the Court determine and declare that the Plaintiff is entitled to 65% of the Account and/or make appropriate orders thereto, including but not limited to a money judgment against Defendants sufficient to make the Plaintiff whole; and
B. Payment of attorney fees and costs in bringing this action, under any applicable law; and

C. Any other relief the Court deems just under the circumstances.

Dated this 10th Day of October, 2025.

Hildebrand Law Firm, LLC
Attorneys for Plaintiff

/s/ Derek T. Daron

_____
Derek T. Daron, Esq.
SBN: 1027009

This document drafted by:
Hildebrand Law Firm, LLC
500 W. Silver Spring Drive, Ste. K-300
Milwaukee, WI 53217
Hlawfirm@hildebrandlawfirm.net
T. 414-409-7122
F. 414-409-7123

7