UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANGELA GREER,

        Plaintiff,

Case No.: 2:25-CV-01897-JPS

SHAWUNNA LACHALE GREER, et. al.,

        Defendants.

## MOTION TO REMAND

Plaintiff, Angela Greer, hereby moves this Court to remand the matter to the Milwaukee County Circuit Court case number 25-CV-08831 pursuant to 28 U.S.C. § 1447(c) for the reasons set forth below:

1) The Parties agree that Bradley Company, LLC ("Bradley") bears the burden of establishing federal jurisdiction in this matter pursuant to 28 U.S.C. § 1331. (ECF. 1 ¶10).

2) The Parties agree that Bradley was served with the Plaintiff's Summons and Complaint on November 3, 2025 and filed its Notice of Removal twenty-nine (29) days later on December 2, 2025. (ECF. 1 ¶ 6).

3) As of the filing of this motion, Bradley has not served its answer or other responsive pleading, but has requested and received an extension to file such a pleading to be due on or before December 23, 2025. (ECF. 5 and Text Order 12/8/25).

Drafted by:
Mark A. Clauss
Hildebrand Law Firm LLC
500 West Silver Spring Drive, Suite K-300
Glendale, WI  53217
Phone: (414) 409-7122
Fax:    (414) 409-7123
Email: mclauss@hildebrandlawfirm.net

4) While Bradley asserts that a federal question exists, issue has not been placed in dispute. It is assumed that Bradley intends to base its defenses to Plaintiff's state law claims on federal law, namely, the Employee Retirement Income Security Act ("ERISA"). (ECF 1 ¶¶ 11, 13).

5) Bradley cites 29 U.S.C. § 1132(e) for the premise that this Court has exclusive jurisdiction over the case as it relates to a federal question; however, Section 1132(e)(1) states "[e]xcept for actions under subsection (a)(1)(B) of this section, …" [Emphasis Added]. 29 U.S.C. § 1132(e)(1). Subsection (a)(1)(B) states that "[a] civil action may be brought (1) by a participant or beneficiary … (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;". See 29 U.S.C. § 1132(a)(1)(B). Plaintiff's complaint seeks recovery under Wisconsin law and to the extent it might be determined that ERISA could apply, Plaintiff's complaint falls squarely into the "except for" category. (ECF 1-1).

6) Contrary to Bradley's argument that this Court holds exclusive jurisdiction over an issue that has not been placed in dispute because they might raise a federal question, state and federal courts have concurrent jurisdiction over ERISA claims to the extent such a claim might stem from the Plaintiff's state court complaint. 29 U.S.C. § 1132(e)(1) and *Cruthis v. Metro. Life Ins. Co.*, 356 F3d 816, 817 (7th Cir. 2004). Accordingly, removal is to be permissive - not mandatory. A federal court should abstain from asserting its jurisdiction when a state court case is underway if that state case promotes "wise judicial administration" and where there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)). *Madison v. Ariel*, No. 23-CV-1026-JPS, 2023 U.S. Dist. LEXIS 147912, at 12-13 (E.D. Wis. Aug. 23, 2023) citing *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) and *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976). Here, the

economies of court administration and complete resolution with all the defendants favors remand to state court.

7) Cases filed in state court under state law cannot be removed solely on the basis that defenses are based on federal law; however, Plaintiff concedes that in the event it is found that decedent, Shawn Greer's, retirement account was administered by Bradley and was subject to ERISA at the time Bradley ignored a court order, such claims are often heard in federal court. See *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). However, whether Bradley complied with Wisconsin's Martial Property Law or whether Bradley's notice of a court order and its refusal to comply with that order is a matter best suited for state court review. See Wis. Stat. § 766 et. seq.

8) Bradley argues that "ERISA completely preempts all of the claims asserted against Bradley," but then cites 29 U.S.C. § 1144. Curiously, Section 1144(a) specifically states "[e]xcept as provided in subsection (b) of this section…shall supersede" and subsection (b)(7) states that "[s]ubsection (a) shall not apply to qualified domestic relations orders…". [Emphasis Added]. 29 U.S.C. §§ 1144(a) and 1144(b)(7). Qualified domestic relations orders ("QDROs") are further defined under 1056(d)(3)(B)(i) as "[an order] (I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant or a plan." 29 U.S.C. § 1056(d)(3)(B)(i). Accordingly, Bradley's argument, that they construe Plaintiff's claims as stemming from their refusal to abide by a state court order requiring them to pay the Plaintiff, are exactly the claims section 1144 excepts from preemption and are best heard in state court.

9) Bradley cites *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan,* 555 U.S. 285 (2009) for the premise that federal court has jurisdiction over whether divorce decrees could be construed as a QDRO; however, nowhere in the *Kennedy* decision is jurisdiction discussed. *Id.* In fact, the

3

*Kennedy* decision asserts no opinion as to jurisdiction over whether a state court divorce order would qualify as a QDRO, "[n]or do we express any view as to whether the Estate could have brought an action in state or federal court against Liv to obtain the benefits after they were distributed." *Id.* at fn 10.

10) While Bradley's current removal request asserts a federal question as the means to which it seeks removal, issue has not been put into dispute. To the extent Bradley "reserved the right to amend or supplement" its removal and should Bradley seeks to assert jurisdiction via diversity means, no other previously served defendant consented to removal as required. 28 U.S.C. § 1446(b)(2) and (ECF 1, 14, 15 & 16).

Dated this 23rd day of December, 2025.

                HILDEBRAND LAW FIRM, LLC

                */s/ Mark A. Clauss*
                Mark A. Clauss
                Attorney Bar Number: 1055102
                Attorneys for Plaintiff, Angela Greer
                Hildebrand Law Firm, LLC
                500 West Silver Spring Drive, Suite K-300
                Glendale, WI 53217
                Telephone: 414.409.7122
                Email: mclauss@hildebrandlawfirm.net