# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Angela Greer | ) | Judge J.P. Stadtmueller |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 2:25-cv-01897 |
| v. | ) | |
| | ) | |
| Bradley Company, LLC, et al., | ) | **DEFENDANT BRADLEY COMPANY,** |
| | ) | **LLC'S OPPOSITION TO** |
| Defendants. | ) | **PLAINTIFF'S MOTION TO REMAND** |
| | ) | |

## I.      INTRODUCTION

Bradley Company, LLC ("Bradley") hereby submits its opposition to Plaintiff Angela Greer's Motion to Remand. This case is fundamentally federal. Plaintiff's Complaint accuses Bradley of improperly handling its employee's retirement plan. The Employee Retirement Income Security Act ("ERISA") occupies the field on that subject and directs Bradley's actions in this case. Bradley therefore has federal question jurisdiction under that statute. Still, Plaintiff claims this Court should return this case to state court because jurisdiction is concurrent. Even if that is so, it does not affect the removal analysis. Concurrent jurisdiction would not affect Bradley's right to invoke this Court's jurisdiction, nor does it change this Court's power to hear the case. Plaintiff then claims that the Court cannot preside over this case because the Complaint mentions a Qualified Domestic Relations Order (QDRO). Again, this makes no difference. ERISA's preemption provision does not preclude federal courts from hearing cases involving QDROs. For these reasons along with those below, the Court should deny Plaintiff's Motion to Remand.

## II.      LAW AND ARGUMENT

### A.      Because Plaintiff alleges that Bradley denied her benefits, ERISA gives this Court jurisdiction over her claim.

This case is all about a retirement plan, and whether Bradley properly paid out benefits under that plan. The plan itself belonged to Shawn Greer, Plaintiff's late ex-husband. Bradley

employed Shawn and administered his retirement plan. (Compl., Doc. 1-1, ¶ 11.) When Shawn filled out his paperwork, he designated his (and Plaintiff's) children as the beneficiaries of that retirement plan. (*Id.* ¶ 22.) Upon Shawn's death, Bradley dutifully paid out the benefits to his children. (*Id.* ¶ 23.) Now Plaintiff says that she is entitled to 65% of those funds according to the terms of her divorce. (*Id.* ¶¶ 14, 24.) She styles her claim as one for state law "breach of fiduciary duty." (*Id.* ¶¶ 27–29.) Bradley, Plaintiff says, owed her a fiduciary duty "as an alternative payee" of the plan. (*Id.* ¶ 27.) Bradley then violated that duty, Plaintiff alleges, because it did not provide her with those benefits. (*Id.* ¶ 28.) Put simply, Plaintiff says Bradley wrongfully denied her benefits due to her from Shawn's retirement plan.

But if Plaintiff wants to sue about the denial of a retirement benefit, she needs to sue under ERISA. ERISA not only regulates employee benefit plans, but it also provides "appropriate remedies, sanctions, and ready access to the Federal Courts." 29 U.S.C. § 1001(b). This is not just another law. It is *the* law for employee benefits plans. As the Supreme Court has often noted, ERISA "provid[es] a *uniform* regulatory regime…." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (emphasis added). To ensure that ERISA is the uniform regime, Congress included "expansive pre-emption provisions," … "which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Id.* (citations omitted). This is commonly known as federal preemption. This preemption not only makes ERISA the governing law for any claim "relating to" employee benefit plans, but it also creates a basis for federal question jurisdiction over those claims. *Id.*

Here, Plaintiff expresses some confusion. In her Complaint, she made a state-law claim for breach of fiduciary duty, not ERISA. So, Plaintiff reasons that she never placed a federal law, like ERISA "in dispute." (Mot. to Remand, Doc. 18, ¶¶ 4, 10.) But that is not what her Complaint says. At the start of Count II, Plaintiff claims that "[p]ursuant to law, *including but not limited to ERISA*,

defendant Bradley Corporation has a fiduciary duty to the plaintiff as an alternative payee….” (Compl., ¶ 27 (emphasis added).) So, on the face of the Complaint, this is an ERISA case.

Further, the fact that she titles her claim as a plain state law “breach of fiduciary duty” makes no difference. ERISA controls a case based on the substance of the allegations rather than the formal name of the claim. That is, if the claim is in substance an ERISA claim, ERISA applies, even if the plaintiff does not say so in the complaint. The authoritative opinion on this subject comes from the Supreme Court in *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 66 (1987). There, an employer stopped paying an employee’s disability benefits because it determined that he was fit to come back to work. *Id.* 60–61. When the employee did not come back to work, the employer fired him. *Id.* at 61. The employee sued his employer for state law breach of contract and wrongful termination asking, in part, for his employer to immediately pay him his missing benefits. *Id.* Crucially, it did not matter that the employee styled his grievance as a state law contract and tort claim. In substance, he wanted his employer to pay him benefits under an employee benefit plan. That, the Court held, is the providence of ERISA, and ERISA alone. As discussed above, ERISA has such “extraordinary pre-emptive power” that it “converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.” *Id. at* 55–56. So not only does ERISA law govern, but “causes of action within the scope of the [ERISA] civil enforcement provisions of § 502(a) [are also] removable to federal court.” *Id.* at 66.

**B.** **The fact that state courts have concurrent jurisdiction does not divest this Court of jurisdiction.**

As with the employee in *Taylor*, Plaintiff’s claim is a benefits claim under ERISA Section 502(a)(1)(B) regardless of the titles in her pleading. That section empowers participants or beneficiaries of a plan to sue “to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of

3

the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges she is a beneficiary of the plan because of her "marital property interest" in Shawn's account. (Compl., ¶ 27.) Bradley, Plaintiff posits, then failed to provide her with her rightful share of the plan benefits. *Id.* Again, ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). That includes any suits "to obtain benefits under such a plan." *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992).

So understood, Plaintiff's common-law claim collides with ERISA, Section 502(a)(1)(B). There, ERISA creates a 'benefits claim' that allows a plan beneficiary (which Plaintiff claims to be) to sue to recover "benefits due under terms of plan … or to clarify … rights under the … plan." 29 U.S.C. § 1132(a)(1)(B). Put simply, Plaintiff thinks she is the rightful beneficiary of at least part of Shawn's retirement account. ERISA covers that kind of claim – so Plaintiff must proceed under ERISA, and ERISA alone. *See Pohl*, 956 F.2d at 127 (ERISA's preemption provision "knocks out any effort to use state law, including state common law, to obtain benefits under such a plan …."").

At some level, Plaintiff appears to understand this: "Plaintiff concedes that in the event it is found [the retirement account is] subject to ERISA … such claims are often heard in federal court." (Mot. to Remand, ¶ 7.) So Plaintiff instead proposes that both "state and federal courts have concurrent jurisdiction over [this] ERISA claim[ ]." (*Id.* ¶ 6.) The Court should therefore remand for practical reasons, she argues, like to let state courts take care of this case involving a traditionally state-centric divorce decree. (*Id.*) Plaintiff concludes that the Court can do this because "removal is … permissive – not mandatory." (*Id.*)

Plaintiff provides a string cite in support. Those cases, though, do not say that a Court can remand a case with valid federal jurisdiction just because it implicates some domestic state concerns. And none of the cases discuss or even cite ERISA. Rather, each case deals with the

*Colorado River* doctrine (indeed one of the cases is *Colorado River*, itself). As this Court once noted (in a case Plaintiff cited), "*Colorado River* abstention applies only to federal actions that are 'parallel; to state court proceedings, meaning that there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Madison v. D W Ariel*, No. 23-CV-1026-JPS, 2023 WL 5432516, at *5 (E.D. Wis. Aug. 23, 2023) (quotation omitted). That is, *Colorado River* is a sister doctrine to the first-filed rule or rules against claim splitting. It tells federal courts how to address situations where the same case is filed in *both* federal and state courts. This is unrelated to the question of whether, as here, a federal court should remand the (only) case back to state court.

That leaves Plaintiff's argument about concurrent jurisdiction. True enough, state and federal courts do have concurrent jurisdiction over certain ERISA claims, like Plaintiff's 502(a)(1)(B) claim. 29 U.S.C. § 1332(e)(1).[1] But that does not mean the Court has discretion to accept or reject federal question jurisdiction, as Plaintiff suggests. Rather, it means defendants have the right (and option) to invoke that federal question jurisdiction. If a defendant choses to invoke federal jurisdiction, there is no question that such jurisdiction exists under ERISA. Indeed, most bases for federal jurisdiction are concurrent in that sense. If a Michigan plaintiff sues an Ohio defendant in Wisconsin state court for a $76,000 breach of contract, for instance, the defendant *can* remove to federal court based on 28 U.S.C. § 1332. But the defendant can also choose to litigate in state court. Both are valid options. Meaning, jurisdiction is concurrent. The same concept is at work here. Bradley could have left the claim alone in state court or it could take it to federal

---

[1] This is, of course, assuming that ERISA § 502(a)(1)(B) is the closest cognate. It is also possible to construe her claim as a breach of fiduciary duty claim under § 502(a)(3) of ERISA. 29 U.S.C. § 1132(a)(3). Federal courts have exclusive jurisdiction over ERISA breach of fiduciary duty claims. 29 U.S.C. § 1332(e)(1).

5

court. Bradley chose the latter. Plaintiff may dislike that choice, but it does not make federal jurisdiction any less valid.

Really, there are only two reasons to remand a case under 28 U.S.C. § 1447(c): (1) a defect in the removal procedure; and (2) lack of subject matter jurisdiction. *See Hernandez v. Brakegate, Ltd.,* 942 F.2d 1223, 1225 (7th Cir.1991). Concurrent jurisdiction is not a procedural defect. And there is no dispute that the Court has subject matter jurisdiction under the federal question doctrine. Thus, concurrent jurisdiction is not a reason to remand. *See, e.g.*, *Gall v. Liberty Mut. Ins. Co.*, No. 00 C 3956, 2000 WL 1141060, at *2 (N.D. Ill. Aug. 10, 2000) ("The mere fact that state courts also have concurrent jurisdiction over [plaintiff's] action does not defeat [defendant's] right of removal. This Court properly has jurisdiction under 28 U.S.C. § 1331."); *Hollister v. Molander*, 744 F. Supp. 846, 848 (N.D. Ill. 1990) ("[Plaintiff] fails to explain, however, how the fact of concurrent jurisdiction bears upon the propriety of defendant's right to remove a federal cause of action to federal court. Because suits subject to complete preemption by ERISA (as this one is) are removable to federal court, we deny the motion to remand.").

Plaintiff briefly suggests that there is a procedural defect because "no other previously served defendant consented to removal as required." (Compl., ¶ 10.) She believes this is a problem only if "Bradley seeks to assert jurisdiction via diversity means." (*Id.*) Bradley has not and does not make a diversity jurisdiction argument. As Plaintiff's argument does not point to an issue with Bradley's removal, she has waived any argument that the notice is procedurally defective. *City Of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011). That said, Bradley's notice of removal is proper – even though none of Bradley's Co-Defendants signed onto the notice. Bradley's Co-Defendants are Plaintiff's three children. Of those, only two were served before removal. (Doc. 14 (Shawn Greer Jr.), 15 (Shawndell Greer).) Those two, then, are the only concern for consent purposes.

Bradley did not need the consent of Shawn Jr. or Shawndell. That is because there was no record of service on either at the state court, and Bradley was unaware at the time of removal that either had accepted service. Bradley had no reason to believe Plaintiff had served Shawn Jr. or Shawndell until she filed executed summonses in this Court on December 16, 2025, more than two weeks after Bradley's removal. In this situation, certain courts have fashioned an exception to the unanimity rule for removing defendants who did not and could not know that Plaintiff had served a co-defendant. *See, e.g.*, *Waffer v. City of Garland*, 2001 WL 1148174, at \*2 (N.D. Tex. Sept.19, 2001) (holding consent to removal was unnecessary if official case file gave no indication that non-removing defendant had been served); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D.Tex.1992) (holding that consent to removal was required only of defendants who removing defendant "actually knew or should have known had been served").[2] The logic is commonsense. As Bradley had no reason to know that Plaintiff already served Shawn Jr. and Shawndell, Bradley "could not be expected to [obtain] formal[ ] consent" from either. *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 315 (N.D. Ill. 1993) (no consent required when plaintiff served co-defendant on the same day as the removal deadline, so making it impractical for the removing defendant to obtain consent). Because Bradley could not have known based on the state record that Shawn Jr. or Shawndell were served due to Plaintiff's failure to timely file proofs of service, it had no corresponding obligation to obtain their consent.

Finally, should the Court conclude that (a) Plaintiff properly raised this issue and (b) Bradley needed Shawn Jr. and Shawndell's consent, the Court should retain jurisdiction over the

---

[2] Some courts disagree and strictly enforce the unanimity rule anyways. *See, e.g.*, *Wright v. Mo. Pac. R.R. Co.*, 98 F.2d 34, 36 (8th Cir.1938) (remanding to state court even though plaintiff did not file summons in state court records to notify removing defendant of service on non-removing defendant).

federal question claim, Count II against Bradley, and sever and remand the state law declaratory judgment claim (Count I, brought under Wis. Stat. Sec. 806.04). 28 U.S.C. § 1441(c)(2).

**C.      The Court still has federal question jurisdiction even though the case involves questions relating to a qualified domestic relations order.**

Plaintiff's last argument is there is no federal jurisdiction over her claim because it involves questions relating to a qualified domestic relations order (QDRO). For context, a QDRO is a specific type of order from a domestic relations court under ERISA that satisfies a litany of procedural requirements like "clearly specifi[ng]" the name and last known mailing address of the participant and the name and mailing address of each alternate payee covered by the order; the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee or the manner in which such amount or percentage is to be determined; the number of payments or period to which the order applies; and each plan to which such order applies. 29 U.S.C. § 1056(d)(3)(C). Plaintiff does not allege that she provided a QDRO to Bradley. In fact, her allegations say that she did not. Plaintiff recalls that she sent Bradley "a copy of the divorce decree" "while [she] sought legal authority to obtain a QDRO." (Compl., ¶¶ 21, 22.)

Setting that pleading problem aside, the QDRO issue does not cause a jurisdictional problem. The confusion here stems from 29 U.S.C. § 1144(b)(7). That section explains that while ERISA normally "supersede[s] any and all State laws" that does not apply to not apply "to qualified domestic relations orders." *Id.* This section clarifies the scope of potential conflict preemption, not federal jurisdiction. Meaning, if there is a state law that has different rules about how QDROs work, those state laws can still govern the determination of proper beneficiaries, even if ERISA would say to the contrary. This does not mean that a federal court lacks jurisdiction over any case that conceivably involves a QDRO. *See Aetna Life Ins. Co. v. Hager*, 930 F. Supp. 343, 345 (E.D. Wis. 1996) (state QDRO law governed rather than ERISA and at the same time the defendant "may maintain federal question jurisdiction pursuant to [ERISA] 29 U.S.C. § 1132(a)(3)(B) and

8

28 U.S.C. § 1331."). In fact, some of the most prominent ERISA cases of late are those that raise QDRO issues. *See Kennedy v. Plan Adm'r for DuPont Sav. & Investment Plan*, 555 U.S. 285, 289 (2009). Thus, Plaintiff cannot divest this Court of jurisdiction by raising a QDRO issue in her Complaint.

## III.    <u>CONCLUSION</u>

For the above reasons, the Court should deny Plaintiff's motion to remand.

Dated: January 16, 2026

<u>s/ Seth H. Wamelink</u>
Seth H. Wamelink (#0082970)
TUCKER ELLIS LLP
950 Main Avenue – Suite 1100
Cleveland, OH 44113-7213
Phone:  216.696.4112
Fax:     216.592.5009
E-Mail: seth.wamelink@tuckerellis.com
*Attorney for Defendant Bradley Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, a copy of Bradley Company LLC's Opposition to Plaintiff's Motion to Remand was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Seth H. Wamelink*
Seth H. Wamelink
*Attorney for Defendant Bradley Company LLC*