UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANGELA GREER,

        Plaintiff,

SHAWUNNA LACHALE GREER, et. al.,

        Defendants.

Case No.: 2:25-CV-01897-JPS

REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO REMAND

    Bradley Company, LLC ("Bradley") opposes Plaintiff, Angela Greer's motion to remand by asserting that it has "the right to invoke this Court's jurisdiction" and continues to assert a variety of arguments about federal preemption. (ECF 20). However, Bradley admits that the Milwaukee County Circuit Court has jurisdiction over this matter and has still not placed anything in dispute. (See docket generally; ECF 1-1 p.5 ¶¶9-10; and Fed. R. Civ. P. 8(b)(6)). Bradley admits it was served with the summons and complaint on November 3, 2025, acknowledged its response deadline was December 9, 2025, requested an extension to answer via an expedited motion on December 3, 2025, requested and received a stipulation for that extra time, and this Court ordered Bradley to file its answer or other responsive pleading on or before December 23, 2025, Bradley did not answer or file any other responsive pleading. (ECF 1 ¶6; ECF 5; ECF 9; Text Order dated December 8, 2025).

Drafted by:
Mark A. Clauss
Hildebrand Law Firm LLC
500 West Silver Spring Drive, Suite K-300
Glendale, WI 53217
Phone: (414) 409-7122
Fax:   (414) 409-7123
Email: mclauss@hildebrandlawfirm.net

Bradley appears to argue a variety of facts contrary to what is alleged by Greer as the foundation for why it can now demand this Court's jurisdiction, yet Bradley has not put any fact in dispute nor has it shared any evidence to support its argument about those "facts." (ECF 20 p. 1-2). While Bradley continues to refuse to provide evidence of any of contrary fact, the Plaintiff remains barred from serving discovery to acquire copies of what Bradley appears on to assert its 'right' pursuant to Fed. R. Civ. P. 26(d)(1). For example, whether or to what extent Shawn Greer's retirement plan is subject to ERISA depends on the particular plan. Bradley continues to refuse to provide copies of any plan documents to determine applicability while at the same time arguing ERISA applies. (ECF 17 & 20). Bradley argues that it "dutifully paid out benefits" however that depends on whether and to what extent beneficiary designations or spousal waivers were timely and properly provided. (ECF 20). Bradley continues to refuse to provide copies of any beneficiary designation forms or spousal waivers while at the same time arguing ERISA applies to those particular designations or waivers. (ECF 17 & 20).

Despite arguing about federal preemption of ERISA claims, Bradley concedes that "state and federal courts do have concurrent jurisdiction." (ECF 20). What Bradley ignores, is its failure to properly and timely respond to the Plaintiff's complaint, even after asking for and receiving an extension. (Id.). By failing to timely respond to the complaint, pursuant to Fed. R. Civ. P 8(b)(6) Bradley admits the allegations alleged, including that jurisdiction and venue belong in state court. (ECF 1-1 p.5 ¶¶9-10). Because Bradley has not placed any issue in dispute, admitted state court has proper jurisdiction and venue and because the state court has concurrent jurisdiction over the claims involving Bradley, this court can and should remand.

Dated this 23rd day of January, 2026.

                                        HILDEBRAND LAW FIRM, LLC

                                        */s/ Mark A. Clauss*
                                        Mark A. Clauss
                                        Attorney Bar Number: 1055102
                                        Attorneys for Plaintiff, Angela Greer
                                        Hildebrand Law Firm, LLC
                                        500 West Silver Spring Drive, Suite K-300
                                        Glendale, WI 53217
                                        Telephone: 414.409.7122
                                        Email: mclauss@hildebrandlawfirm.net