# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Angela Greer, | ) | |
| | ) | Judge J.P. Stadtmueller |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 2:25-cv-01897 |
| v. | ) | |
| | ) | |
| Bradley Company, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BRADLEY COMPANY, LLC'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Bradley Company, LLC ("Bradley") moves this Court for leave to file a Sur-Reply in opposition to Plaintiff's Motion to Remand. (Doc. 18). The Court has discretion to allow a sur-reply. *Prude v. Dixon*, No. 23-CV-1233, 2024 WL 4581292, at *1 (E.D. Wis. Oct. 24, 2024). And courts "generally" do allow them "when the movant raises new arguments in a reply brief." *Id.* (quoting *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011)). That is what happened here.

Plaintiff Greer's ten-paragraph Motion to Remand made three basic arguments: (1) a federal question "has not been placed in dispute," (Doc. 18 ¶ 4), (2) the state court has concurrent jurisdiction, (*id.* ¶¶ 5–7), and (3) remand is appropriate because the case involves a potential qualified domestic relations order, (*id.* ¶¶ 8–9). Bradley's Opposition responded to each of these points: (1) Plaintiff herself put ERISA in dispute because her claims challenge the administration of an ERISA plan, (Doc. 20 at 1–3), (2) concurrent jurisdiction is not a reason to remand as a procedural matter, (*id.* at 3–8), and (3) the Court still has federal question jurisdiction even though the case involves questions relating to a qualified domestic relations order, (*id.* at 8–9).

1

Plaintiff's Reply now goes in a new direction. (Doc. 22). For the first time, she argues that the Court should remand because "[b]y failing to timely respond to the complaint, pursuant to Fed. R. Civ. P 8(b)(6) Bradley admits the allegations alleged, including that jurisdiction and venue belong in state court." (Doc. 22 at 2.) This is incorrect. And, because Plaintiff did not bring it up until her Reply brief, Bradley has not yet had the opportunity to explain why. Bradley therefore moves for leave to file a Sur-Reply solely to address this new argument.

A copy of the proposed Sur-Reply is attached as Exhibit A. Bradley respectfully requests that this Honorable Court grant its Motion for Leave, order that the attached Sur Reply is filed *instanter*, and order any further relief the Court considers just under the circumstances.

Dated: January 29, 2026

*/s/ Seth Wamelink*
Seth Wamelink (#0082970)
TUCKER ELLIS LLP
950 Main Avenue – Suite 1100
Cleveland, OH 44113-7213
Phone: 216.696.4112
Fax: 216.592.5009
E-Mail: seth.wamelink@tuckerellis.com

*Attorney for Defendant Bradley Company, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

Angela Greer ) Judge J.P. Stadtmueller
)
    Plaintiff, )
)
) Case No. 2:25-cv-01897
v. )
)
Bradley Company, LLC, et al., )
)
    Defendants. )

## DEFENDANT BRADLEY COMPANY, LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant Bradley Company, LLC ("Bradley") files this Sur-Reply in opposition to Plaintiff's motion to remand (Doc. 18). Plaintiff argues for the first time in her Reply that Bradley failed to "to timely respond to the complaint" and so "admitted the allegations alleged, including that jurisdiction and venue belong in state court." (Doc. 22 at 2.) This is incorrect for two reasons.

First, subject matter jurisdiction is not a subject any party can "admit" or waive. It is a legal (and indeed, Constitutional) prerequisite. "If a federal court does not have subject-matter jurisdiction, it cannot decide the case." *PopSockets, LLC v. Hueffner*, No. 17-CV-827-PP, 2018 WL 4568823, at *2 (E.D. Wis. Sept. 24, 2018). The parties cannot "agree to give the court subject matter jurisdiction if it does not have it." *Id. See also South v. Rowe*, 759 F.2d 610, 613 (7th Cir. 1985) ("parties cannot … agree to restrict [or enlarge] the subject matter jurisdiction of the court."). That is to say, it does not matter if Bradley admitted or did not admit to allegations regarding subject matter jurisdiction. The Court has an independent duty to verify its jurisdiction. The parties' agreement (or disagreement) on the subject makes no difference.

Second, Bradley did not, as Plaintiff suggests, fail to "timely respond to the complaint." (Doc. 22 at 2.) A walk though this case's timeline is helpful on this front. Bradley removed Plaintiff's complaint on December 2, 2025. (Doc. 1.) That made Bradley's responsive pleading

due 7 days later, on December 9, 2025. Fed. R. Civ. P. 81(c)(2)(C). Bradley immediately moved for an extension, which the Court granted – making Bradley's response due on December 23, 2025. (Docs. 5, 8.) So far, the parties agree. What Plaintiff misses is that four days after this Court granted the extension, it provided a new order – titled "COMPREHENSIVE PROTOCOLS AND PROCEDURES ORDER." (Doc. 12.) That Order set forth a procedural framework that governs the filing of motions to dismiss. Under the Court's Order, parties must meet and confer about any proposed motion to dismiss and, if that does not work, they must "jointly prepare a 3–5 page, double-spaced, executive summary of the anticipated motion to dismiss." (Doc. 12 at 3.)

In accordance with this Order, the parties met and conferred and, as that was unsuccessful, filed a joint executive summary on December 19, 2025. (Doc. 17.) Under the Court's COMPREHENSIVE PROTOCOLS AND PROCEDURES ORDER, that executive summary tolls the deadline to file a motion to dismiss. (Doc. 12 at 4 ("The time for filing the motion to dismiss and/or Rule 12 motion (in other words, the time to file a responsive pleading) will be stayed while the Court reviews the executive summary.").) And Bradley's answer to Plaintiff's Complaint is only due if its motion to dismiss is denied. Fed. R. Civ. P. 12(a)(4)(A).

The Court's December 30, 2025 Docket Order reaffirmed this process. There, this Court explained that "the Court takes the parties' executive summary under advisement and will make a decision as to whether to allow the Defendant's anticipated motion to dismiss following the parties' briefing of Plaintiff's motion to remand." As a result, Bradley has not failed to respond to Plaintiff's complaint and, instead, has followed the Court's orders and protocols by waiting for the outcome of Plaintiff's Motion to Remand.

For the above reasons, the Court should deny Plaintiff's Motion to Remand.

Dated: January 29, 2026

/s/ Seth Wamelink
Seth Wamelink (#0082970)
TUCKER ELLIS LLP
950 Main Avenue – Suite 1100
Cleveland, OH 44113-7213
Phone:   216.696.4112
Fax:      216.592.5009
E-Mail: seth.wamelink@tuckerellis.com

*Attorney for Defendant Bradley Company LLC*

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 29, 2026, a copy of Bradley Company LLC's Motion for Leave and Proposed Sur-Reply was filed electronically. Service of this filing will be made under Fed. R. Civ. P. 5(b)(2)(E) through this Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Seth Wamelink*
Seth Wamelink

*Attorney for Defendant Bradley Company LLC*