| | |
|---|---|
| ANGELA GREER, | |
| Plaintiff, | |
| v. | Case No. 25-CV-1897-JPS |
| SHAWNDELL GREER, SHAQUNNA LACHALE GREER, SHAWN GREER, JR., BRADLEY COMPANY LLC, *doing business as* BRADLEY CORPORATION, and DEF INSURANCE, | |
| Defendants. | **ORDER** |

## 1. INTRODUCTION

In 2022, Plaintiff Angela Greer ("Angela") brought divorce proceedings against her then-husband, Shawn Greer ("Shawn"). *In re the marriage of Angela Lachale Greer and Shawn Edward Greer*, Case No. 2022FA005687 (Milwaukee Cnty. Cir. Ct. 2022), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022FA005687&county No=40 (last visited Apr. 30, 2026) ("Divorce Case"). In November 2023, the court entered default judgment of divorce. *See* Divorce Case, Nov. 14, 2023 docket entry. In October 2025, Angela sued Shawn's former employer, Bradley Company LLC ("Bradley"), and the couple's three children, Shawndell Greer, Shaquanna Lachale Greer, and Shawn Greer Jr. (collectively, the "Children") for what she stylizes as breach of fiduciary duty in connection with a retirement plan of Shawn's; in that same action, she sought a declaratory judgment establishing that she was entitled to 65%

of those monies. ECF No. 1-1; *Angela Greer v. Shaquanna Lachale Greer et al.*, Case No. 2025CV008831 (Milwaukee Cnty. Cir. Ct. 2025), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CV008831&county No=40 (last visited Apr. 30, 2026) ("State Case"). Based on Angela's submissions, only two out of the three Children were served. ECF Nos. 14–16.

Bradley removed the State Case to this branch of the court in December 2025. ECF No. 1. A few weeks later, Angela moved to remand the action back to state court. ECF No. 18. The motion is fully briefed—ECF Nos. 18, 20, 22, 23—and, for the reasons stated below, will be granted. Further, Bradley's motion to file a sur-reply in opposition to Angela's motion to remand, ECF No. 23, will be granted.

## 2.    FACTUAL ALLEGATIONS

For the purposes of this motion to remand, the Court will accept the allegations in Angela's complaint as true. In it, she alleges that the "judgment of divorce . . . required a division of [Shawn's] retirement account at Bradley Corporation ("Account")." ECF No. 1-1 at 6. The Account was ordered to be divided by Qualified Domestic Relations Order ("QDRO")[1] whereby Angela would receive 65% of the Account, valued at approximately $350,000 as of the date of the divorce, "in her name" *Id*. In the days that followed the divorce being finalized, Shawn moved to reopen the divorce judgment. *Id*. In turn, the court took Shawn's motion under advisement and proceeded to trial on the issues of property division and maintenance. *Id*. The trial occurred on March 5, 2025. *Id*. Prior to the

---

[1]A QDRO "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of benefits payable with respect to a participant under a [pension] plan." 29 U.S.C. § 1056(d)(3)(B).

issuance of an order on Shawn's motion to reopen the divorce judgment, he passed away.[2] *Id.* Angela subsequently provided, on numerous occasions, a copy of the divorce decree to Bradley to advise them on how the Account should be split. *Id*. Angela did so to ensure Bradley did not pay out the Account based on any beneficiary designations while she sought legal authority to obtain a QDRO. *Id*. Bradley did not take heed of Angela's directive and paid out the monies anyway, presumably to the Children, thereby giving rise to this lawsuit. *Id*. at 7. Bradley then removed the case, prior to all the Children being served, as noted earlier.

## 3.    ARGUMENTS

### 3.1    Notice of Removal

In removing the case, Bradley provided a brief rationale for why it believes the case belongs here, noting its burden as the removing party to make that showing. ECF No. 1 at 3 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Bradley claims the Court has original jurisdiction because each of Angela's claims, one for a declaratory judgment and another for a money judgment based on a breach of fiduciary duty, "directly implicate multiple provisions of ERISA – the Employee Retirement Security Act, 29 U.S.C. 1001 et seq. . . . by virtue of the interplay between Bradley's responsibilities under ERISA when faced with a divorce decree of uncertain validity." ECF No. 1 at 3 (citing *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009)). Bradley claims, on this basis, that this Court (rather than the state court) has exclusive jurisdiction.

---

[2]According to Angela, the state court lost jurisdiction upon his death, meaning that the original divorce decree remained in effect. ECF No. 1-1 at 5. However, that statement is not for this Court to address, as explained further below.

*Id*. (citing 29 U.S.C. 1132(e)). It also claims that ERISA completely preempts both of Angela's claims against Bradley. *Id*. (citing 29 U.S.C. § 1144).

### 3.2    Motion to Remand

Now before the Court is Angela's motion to remand the case, in which she contends that this matter is for state court. ECF No. 18. To start, Angela has argued that "[w]hile Bradley asserts that a federal question exists, issue has not been placed in dispute," which the Court construes as an argument that neither one of her claims rely on ERISA. *Id*. at 2. Angela then argues that Bradley, in its Notice of Removal, ECF No. 1, improperly interprets 29 U.S.C. § 1132(e)(1) as limiting jurisdiction to federal courts in all cases involving ERISA. ECF No. 18 at 2. In support, she notes the language in that subsection, which states that federal courts will be the exclusive forum for civil ERISA disputes "[e]xcept for actions [brought] under (a)(1)(B) of this section." ECF No. 18 at 2 (citing 29 U.S.C. § 1132(e)(1)) (emphasis omitted). Under subsection (a)(1)(B), a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." *Id*. (citing to 29 U.S.C. § 1132(a)(1)(B)). Therefore, she argues that state and federal courts have concurrent jurisdiction here. *Id*. (citing 29 U.S.C. § 1132(e)(1) and *Cruthis v. Metro. Life Ins. Co.*, 356 F.3d 816, 817 (7th Cir. 2004)). As a result, in her view, removal is permissive, but not mandatory.[3] *Id*.

---

[3]She cites a series of cases in support, although the Court will not recite them here because they implicate the *Colorado River* Doctrine, which Bradley correctly notes, ECF No. 20 at 4–5, is not applicable here, as it only applies to actions that are ongoing in both state and federal courts, not in cases like these involving motions to remand." *Madison v. D W Ariel*, No. 23-CV-1026-JPS, 2023 WL 5432516, at *5 (E.D. Wis. Aug. 23, 2023) ("Colorado River abstention applies only

Angela further argues that just because a defendant raises a federal statute as a defense to a state law claim does not mean the case is properly before a federal court, though she admits that if the Court finds that the Account "was administrated by Bradley and was subject to ERISA at the time Bradley ignored a court order, such claims are often heard in federal court." *Id*. at 3 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). Angela argues that, in any event, "whether Bradley complied with Wisconsin's Martial [sic] Property Law [and] Bradley's notice of a court order and its refusal to comply with that order [are matters] best suited for state court review." *Id*. (citing WIS. STAT. § 766 et seq.).

Angela also challenges Bradley's proposition that, under 29 U.S.C. § 1144, ERISA completely preempts both of her claims. According to Angela, that same subsection provides a carve-out for cases like these insofar as they involve QDROs. *Id*. (citing 29 U.S.C. § 1144(a) and (b)(7)). Angela also challenges the relevance of Bradley's citation to *Kennedy*, 555 U.S. 285, claiming it asserts no opinion as to jurisdiction over whether a state court divorce order would qualify as a QDRO. *Id*. at 3–4.

Lastly, Angela briefly asserts that "to the extent Bradley 'reserved the right to amend or supplement' its removal and should Bradley seek[] to assert jurisdiction via diversity means, no other previously served defendant consented to removal as required." *Id.* at 4 (citing 28 U.S.C. § 1446(b)(2)). Again, the record reflects that Angela served only two out of the three Children prior to removal. *See* ECF Nos. 14–16.

---

to federal actions that are 'parallel' to state court proceedings, meaning that there is a 'substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'").

### 3.3 Bradley's Opposition Brief

Bradley argues that because Angela alleges that Bradley denied her benefits, ERISA is necessarily implicated, giving this Court jurisdiction over this case. ECF No. 20 at 1. Bradley points out that Angela alleges that Bradley "owed her a fiduciary duty 'as an alternative payee' of the plan." *Id*. at 2 (citing ECF No. 1-1 at 7). And to sue about the denial of a retirement benefit on this basis, Bradley claims, she needs to sue under ERISA because "[i]t is the law for employee benefits plans," meaning that it preempts state laws on the subject. *Id*. at 2 (emphasis omitted) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). Bradley later elaborates that Angela's "common-law claim collides with ERISA, Section 502(a)(1)(B)," which "creates a 'benefits claim' that allows a plan beneficiary . . . to sue to recover 'benefits due under the terms of plan . . . or to clarify . . . rights under the . . . plan.'" *Id*. at 3–4 (quoting 29 U.S.C. § 1132(a)(1)(B)). For that reason, Bradley argues that Angela's state breach of fiduciary claim is preempted, meaning that a court must analyze the claim under ERISA, and ERISA alone. *Id*. at 4 (citing *Pohl v. Nat'l Benefits Consultants, Inc*., 956 F.2d 126, 127 (7th Cir. 1992)). Bradley then argues that Angela, "[a]t some level, appears to understand" the preemption argument because she concedes that claims like hers are often heard in federal court. *Id.*

Bradley also points out that Angela seems somewhat confused, because she argues in her motion to remand that she makes only a state-law claim (rather than one under ERISA), but her complaint specifically references ERISA. *Id*. at 2–3 (quoting ECF No. 1-1 at 7 ("Pursuant to law, including but not limited to ERISA, . . . Bradley . . . has a fiduciary duty to the plaintiff as an alternative payee . . . .")). Moreover, it is the substance that matters, not whether Angela stylizes her claim as a state law claim or a

federal one. *Id.* at 3 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) (noting that ERISA's power is so strong that it converts an ordinary state law complaint into one stating a federal claim for the purposes of the well-pleaded complaint)). Therefore, ERISA governs and the case is removable to federal court. *Id.* (citing *Taylor*, 481 U.S. at 66) (noting the civil enforcement provisions of ERISA, Section 502(a) allow the case to be removed).

Bradley then proffers that there are ultimately only two reasons to remand the case: 1) procedural defect in the removal process, or 2) the lack of subject matter jurisdiction. *Id.* at 6 (citing 28 U.S.C. § 1447(c) and *Hernandez v. Brakegate Ltd.*, 942 F.2d 1223, 1225 (7th Cir. 1991)). Bradley reasons that neither apply in this case. *Id.* The mere fact that concurrent jurisdiction applies here "is not a reason to remand" according to Bradley. *Id.* (citing *Gall v. Liberty Mut. Ins. Co.*, No. 00 C 3956, 2000 WL 1141060, at *2 (N.D. Ill. Aug. 10, 2000) and *Hollister v. Molander*, 744 F. Supp. 846, 848 (N.D. Ill. 1990)).

As to whether removal was proper, Bradley argues that it was, specifically noting that consent from the previously served codefendants was not necessary. *Id.* at 6–7 (collecting cases where removal was found proper because, while it occurred after service was effectuated as to the remaining defendants, the proof of service had not yet been filed so the removing defendant had no reason to know that any codefendants had yet been served (citing *Waffer v. City of Garland*, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001); *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992); and *Eltman v. Pioneer Commc'ns of Am., Inc.*, 151 F.R.D. 311, 315 (N.D. Ill. 1993))).

Finally, Bradley argues that "the Court still has federal question jurisdiction even though the case involves questions relating to a [QDRO]." *Id*. at 8. Angela's reference to 29 U.S.C. § 1144(b)(7) merely serves to "clarify[y] the scope of potential conflict preemption," but does not deprive a federal court of jurisdiction. *Id*. at 8–9 (citing *Aetna Life Ins. Co. v. Hager*, 930 F. Supp. 343, 345 (E.D. Wis. 1996) and *Kennedy*, 555 U.S. at 289).

### 3.4    Angela's Reply Brief

Angela's reply brief reiterates her earlier arguments—which the Court will not repeat here—but also makes a new argument, namely that Bradley failed to timely respond to her complaint and therefore "admits the allegations [included therein], including that jurisdiction and venue belong in state court." ECF No. 22 at 2.

### 3.5    Bradley's Sur-Reply

As a preliminary matter, the Court has discretion to approve the filing of a sur-reply. *Prude v. Dixon*, No. 23-CV-1233, 2024 WL 4581292, at *1 (E.D. Wis. Oct. 24, 2024). That discretion should be exercised "only for valid reasons, such as when the movant raises new arguments in a reply brief." *Id*. (quoting *Merax-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011)). Here, the Court will exercise its discretion to allow a sur-reply because Angela made a new argument in her reply, namely regarding whether Bradley admitted the jurisdictional allegations of her complaint by failing to answer within the procedural timeframe.

Bradley's sur-reply makes two observations. First, it argues that a party cannot waive or "admit" jurisdiction. ECF No. 23 at 3 (citing *PopSockets, LLC v. Hueffner*, No. 17-CV-827-PP, 2018 WL 4568823, at *2 (E.D. Wis. Sept. 24, 2018) and *South v. Rowe*, 759 F.2d 610, 613 (7th Cir. 1985)). Second, it points to the Court's Comprehensive Protocols and Procedures

Order—which tolls the deadline to file a responsive pleading when there is an executive summary filed—as its reason for not filing an answer or otherwise responding within the timeframe set by the Federal Rules of Civil Procedure. *Id*. at 4 (citing ECF No. 12 at 4).

**4. ANALYSIS**

The Court will first address the issue of whether there was a federal question at the time of removal. It will then turn to whether removal was procedurally proper in the absence of consent from the Children. Finding that removal was improper, the Court will remand the case to the state court for further proceedings.

**4.1 Federal Jurisdiction**

Although Angela does not confirm exactly which law(s), federal or state, she is proceeding under, *see generally* ECF No. 18, she does eventually concede that the Court has, in her estimation, concurrent jurisdiction. *Id*. at 2. In addition, on the face of the complaint, Angela's breach of fiduciary duty claim relies, at least in part, on ERISA, which is enough to bring this case to federal court. ECF No. 1-1 at 7 ("Pursuant to law, including but not limited to ERISA, . . . Bradley . . . has a fiduciary duty to [Angela] as an alternative payee . . . ."); *Downey v. ATI Holdings*, LLC, No. 25-cv-5785, 2026 WL 371127, at *3 (N.D. Ill. Feb. 10, 2026) ("The Court begins with Plaintiff's ERISA claim, the only claim that permitted removal of this case to federal court."). The Court is satisfied that there is federal question jurisdiction here on the basis of ERISA.

Ordinarily, federal courts "have exclusive jurisdiction of civil actions" under ERISA, 29 U.S.C. § 1132(e)(1), but there is a carve-out for "[c]laims for recovery of benefits [that] are . . . brought pursuant to 29 U.S.C. § 1132(a)(1)(B), which allows an ERISA plan participant or beneficiary to

bring an action 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 843 (N.D. Ill. 2006) (quoting 29 U.S.C. § 1132(a)(1)(B) and citing *Davis v. Unum Life. Ins. Co. of Am.*, 444 F.3d 569, 574 (7th Cir. 2004)); 29 U.S.C. § 1132(e)(1). This jurisdictional carve-out allowing state courts to serve as the forum does not extend to "[c]laims for breach of fiduciary duty can be brought . . . by an individual beneficiary under 29 U.S.C. § 1132(a)(3)." *Neuma*, 515 F. Supp. 2d at 843 (citing *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 992–93 (7th Cir. 1993)); 29 U.S.C. § 1132(e).

While Angela stylizes her claim as one for breach of fiduciary duty, it is obvious that she seeks to recover or otherwise enforce her rights under the plan. *See* ECF No. 1-1 at 7 (claiming she is "entitled to have 65% of the Account paid to her"). Indeed, as Bradley admits, what matters is the substance and here, Angela's claims plainly fall into the exception (29 U.S.C. § 1132(a)(1)(B)) which provides for beneficiaries to pursue a civil action in state court to recover benefits.[4] Accordingly, the state and federal courts share concurrent jurisdiction over this case.

### 4.2    Consent to Removal

The Court next turns to the issue of removal and whether it was proper here given that the Children did not consent. Bradley cites to various cases, none of which reflect the law of this circuit which requires that

---

[4]Obviously, discovery and the litigation in state court will bear out whether she is, in fact, a beneficiary or otherwise entitled to recover. *See* 29 U.S.C. § 1002(8) (defining a beneficiary as someone "designated by a participant, or by the terms of the employment benefit plan, who is or may become entitled to a benefit thereunder").

consent to remove be obtained in writing as to all defendants properly joined and served. *Collopy v. PetSmart Home Off., Inc.*, No. 24-cv-11594, 2025 WL 1696482, at *2 (N.D. Ill. June 17, 2025) (citing 28 U.S.C. § 1446(b)(2)(A)); *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997); *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017); and *Kohlmiller v. Consumer Law Prot.*, No. 21-CV-865-SMY, 2021 WL 3886638, at *1 (S.D. Ill. Aug. 31, 2021)); *see also Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741 (4th Cir. 2013) (noting that the Seventh Circuit adopts a "formal approach" (citing *McDonald*, 128 F.3d at 489)).

Here, regardless of whether or when Angela filed proof of service with the state court, Angela has provided proof to this Court that two of the three Children were, in fact, served prior to removal. *See* ECF Nos. 14–16. At the same time, Bradley concedes that it did not obtain the written consent of any of the Children prior to removal. ECF No. 20 at 6 (noting that "none of Bradley's Co-Defendants signed onto the notice" of removal). Thus, without further justification, removal was procedurally defective here.

Contrary to Bradley's argument, the outcome here does not change based on whether Angela filed proof of service with the state court prior to removal or whether Bradley otherwise knew whether the co-defendants had been served. *Long v. John Crane, Inc.*, No. 23-CV-1152-JPG, 2023 WL 4558513, at *5 (S.D. Ill. July 17, 2023) ("[N]o authority suggests [that] the failure to file proof of service in the court file excuses the obligation to obtain a served party's consent to removal."); *Collopy*, 2025 WL 1696482, at *2 (finding, in similar circumstances, that it was "irrelevant" whether the removing defendant knew if a co-defendant had been served). Instead,

what matters is whether the removing party acted with reasonable diligence in determining whether the other co-defendants had been served. *Collopy*, 2025 WL 1696482, at *3 ("[C]ourts require removing parties to be 'reasonably diligent' in determining the status of service on co-defendants." (*quoting Tillman v. CVS Pharmacy, Inc.*, No. 19 C 5219, 2019 WL 4934700, at *2 (N.D. Ill. Oct. 7, 2019)).

Here, as in *Collopy*, Bradley has "provide[d] no evidence that [it] attempted to contact [the Children] directly to determine whether [they] had been served before filing the notice of removal." *Id.* at *4. Due to Bradley's lack of reasonable diligence in determining whether the Children had been served, there is no basis to excuse Bradley's defective notice of removal. As such, remand to the Circuit Court of Milwaukee County is required and the Court need not address the parties' remaining arguments.[5]

---

[5]Notably, the *Rooker-Feldman* doctrine may serve as a bar to the litigation insofar as the divorce decree is implicated here. On the one hand, Bradley concedes that it has questions regarding its ERISA responsibilities in the face of a "divorce decree of uncertain validity," ECF No. 1 at 3 (citation omitted), while Angela seeks to enforce a state court order, presumably that divorce decree, to obtain the benefits to which she claims she is entitled. ECF No. 18 at 2. Such questions cannot be answered in federal court. *Young v. Murphy*, 90 F.3d 1225, 1231 (7th Cir. 1996) (citing *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)) (noting that, if the alleged injury resulted from a state court judgment, the Court cannot hear the case). While the question of whether the divorce decree itself can constitute a QDRO is one that this Court can likely answer, *Cunningham v. Hebert*, No. 14 C 9292, 2016 WL 6442180 at *3–4 (N.D. Ill. Nov. 1, 2016), the Court cannot answer the threshold question of whether the divorce decree itself is valid. *Christopoulos v. Trout*, 343 F. Supp. 3d 812, 821–22 (N.D. Ill. 2018) (finding that *Rooker-Feldman* bars inquiring into the validity of the QDRO) (citing *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017))).

**5. CONCLUSION**

Although the Court is satisfied that it has jurisdiction to the extent there is an ERISA claim buried in the complaint, the Court must remand the case because Bradley's notice of removal was deficient.

Accordingly,

**IT IS ORDERED** that Plaintiff Angela Greer's motion to remand, ECF No. 18, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Bradley Company LLC's motion for leave to file a sur-reply, ECF No. 23, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **REMANDED** to the Milwaukee County Circuit Court.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge